UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC d/b/a CORBIN FISHER | Case No. 1:11cv239 |
| Plaintiff, | Judge Michael R. Barrett |
| vs. | Magistrate Judge Stephanie K. Bowman |
| SWARM OF NOVEMBER 15 to DECEMBER 4, 2010, SHARING HASH FILE AE340D0560129AFEE8D78CE07F2394C7B5BC9C05; AND DOES 1 through 20, | |
| Defendants. | |

**PLAINTIFF LIBERTY MEDIA'S EX PARTE MOTION
FOR ENLARGEMENT OF TIME TO SERVE COMPLAINT**

Now comes Plaintiff, Liberty Media Holdings d/b/a Corbin Fisher ("Plaintiff" or "Liberty"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 4(m), hereby respectfully moves this Court to enlarge the period of time to effect service by 90 days. Plaintiff Liberty has acted diligently to identify the anonymous John Doe infringers, but it requires additional time to obtain all subscriber records and to complete its preliminary good faith investigation prior to such service. Therefore, Plaintiff requests that its time to serve the Complaint be extended through and including December 7, 2011.

This Motion is supported by the attached Memorandum. A proposed Order is attached.

Respectfully submitted,

__/s/ Scott R. Nazzarine_____
SCOTT R NAZZARINE (Ohio No. 0079819)
3621 Morris Place
Cincinnati, Ohio 45226
Telephone: (513) 543-2312
kayanazz@hotmail.com

Counsel for Plaintiff
Liberty Media Holdings d/b/a Corbin Fisher

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF LIBERTY MEDIA'S EX PARTE MOTION**
**FOR ENLARGEMENT OF TIME TO SERVE COMPLAINT**

On April 20, 2011, Plaintiff filed a Complaint [Doc. 1], alleging copyright infringement and related claims against twenty John Doe Defendants, who at that time were only identified by their respective IP addresses and the date and time of the alleged infringement.

On April 25, Plaintiff filed an Ex Parte Motion for Early Discovery [Doc. 3], seeking discovery from the various ISPs as to the name, address, and other personally identifying information for the subscribers to the IP addresses on the dates and times identified in the Complaint and in said Motion.  On April 28, that Motion was granted by the Court [Doc. 4].

Plaintiff served the subpoenas on each of the five ISPs on or about May 10. Under the terms of the Order authorizing the early discovery, the Court indicated, among other things, that each ISP shall have seven days after service to notify the subscriber that their identities have been subpoenaed by Plaintiff, and that each subscriber may file a responsive pleading or motion to quash within 21 days from the date of notice by the ISP.  As such, Liberty should have received the subscriber information on or around June 7.  In practice, however, all of the ISPs contacted and subpoenaed by the undersigned required additional time to gather the information requested, notify their respective subscribers, await a potential response, and get the information to Plaintiff's counsel.  It is believed that this additional time was due largely to the high volume of such requests from all over the country combined with the time-consuming nature of gathering this information.  Since these delays and requests for additional time by the ISPs appeared to be reasonable measures designed to minimize the subpoena's burden, counsel for Liberty Media agreed to give the ISPs additional time to respond the subpoena requests.

Three of these ISPs—WideOpenWest, AT&T, and Cox Communications—were able to produce the subpoenaed information to Plaintiff counsel within a relatively short time after the

initial subpoena compliance date—*i.e.*, between June 9 and June 16.  Another ISP, Comcast, produced the information on or about July 7, about a month after the compliance date.  Of the five IP addresses which were associated with these four ISPs, Plaintiff has amicably settled with, and dismissed its case against, two of the John Doe Defendants already.  The biographical information associated with another IP address was deleted by the ISP prior to receiving the subpoena, and it is anticipated that Plaintiff will be dismissing this John Doe Defendant in the near future as well since it appears there is no way of conclusively identifying this Defendant.  And Plaintiff is still continuing the process of locating and attempting to communicate with the last two remaining John Doe Defendants who were identified by the four ISPs that produced the subpoenaed information within a relatively short period of the initial subpoena compliance date.

The last ISP, however, Time Warner, which had the biographical information for 15 out of the total 20 IP addresses sought by Plaintiff in this suit, did not produce the subpoenaed information to Plaintiff until around August 5, some two months after the requested compliance date.  It bears emphasis, however, that Time Warner has apparently been inundated and overwhelmed with such requests from around the country, and that this ISP has worked cooperatively with the undersigned, Plaintiff's in-house counsel, and others in an attempt to minimize its administrative burdens while still attempting to produce the subpoenaed information in as timely a manner as possible.[1]  Because Time Warner's request for additional

---

[1]  It should be noted, for example, that in parallel with this suit, Liberty also filed another suit in this District, which contained similar allegations against a separate BitTorrent swarm for infringing Plaintiff's copyrighted work.  *See LIBERTY MEDIA HOLDINGS, LLC v. SWARM OF NOVEMBER 18 to DECEMBER 8, 2010, SHARING HASH FILE A3E6F65F2E3D672400A5908F64ED55B66A0880B8; AND DOES 1 through 5* (S.D.Oh Case No. 1:11cv238) ("the A3E Swarm").  In that case, all five of the IP addresses named by Plaintiff were associated with the ISP Time Warner, which again resulted in delayed production of the subpoenaed information.  A similar Motion to Enlarge Time for Service is also being filed by Plaintiff in the A3E Swarm case.  Additionally, it should be noted that Plaintiff, through different counsel, has filed similar suits in other jurisdictions throughout the country, and similar motions to enlarge time to effect service have been requested and granted in many of these cases due to similar delays.

time to produce the subpoenaed subscriber information in this case and others appeared reasonably necessary and was not intended to obstruct or delay, Liberty ultimately acquiesced to Time Warner's requests. Nonetheless, this approximately two-month delay in even obtaining the initial subscriber information associated with these 15 IP addresses has further and rather significantly delayed Plaintiff's ability to accurately identify and confirm the claims against the remaining John Doe Defendants. Furthermore, the timing of Time Warner's subpoena response in early August unfortunately coincided almost exactly with the dissolution of the undersigned's previous law firm, which resulted in some time lost while undersigned set up a new firm. The timing of this production also coincided with a rather severe relapse of the undersigned's three-year-old daughter's epilepsy, which resulted in repeated, lengthy hospitalization for her and significant work time lost for the undersigned. Nonetheless, despite all of these delays, Plaintiff has diligently prosecuted this case by continuing to make strides to identify, locate, and contact all of the remaining John Doe Defendants; communicate with them in attempt to amicably resolve various individual Defendant's case prior to litigation; and/or make a good faith investigation to confirm each identified subscribers is the properly named Defendants and that Plaintiff has a proper bases for bringing suit against each potential Defendant in this Court.[2]

Liberty respectfully submits that, since it has prosecuted this case diligently within the confines of the law, and that any and all delays to date were reasonable and largely the result of circumstances beyond Plaintiff's control, it has demonstrated good cause to extend and enlarge the deadline to serve the Complaint. *See, e.g.,* Fed.R.Civ.P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period."); *Voltage Pictures, LLC v. Does 1-5,000*, __ F.Supp.2d __, 2011 WL 1807438, n.2

---

[2] In fact, it should be noted that Plaintiff has already amicably settled its case against one Defendant with a Time Warner IP address, and will be voluntarily dismissing its case against this John Doe Defendant in the immediate future.

(D.D.C. 2011) (granting plaintiff in a copyright suit against Doe defendants a total of 265 days to obtain identifying information).  The additional time necessary to identify and serve the various John Doe Defendants in the present case is attributable to the inherent difficulty of learning the identity of the anonymous Internet users who are infringing Liberty's copyright, including most significantly the delays by the various ISPs in producing the subscriber information and Plaintiff's attempts to locate and actually communicate with the various subscribers.  In addition, the delays which are inherent in this type of litigation were slightly exaggerated in the present case due to the professional and personal situation of Plaintiff's counsel during the month of August, which unfortunately coincided with the delayed production of the subscriber information for the vast majority of the IP addresses by one of the ISPs.  Furthermore, several of the recently identified subscribers, of course, claim to not be the individual responsible for infringing Plaintiff's copyrights, thus requiring additional investigation and discovery by Plaintiff in order to confirm or deny these claims prior to naming and serving them as a Defendant.  Alternatively, if past experience is any indication, it is believed that many of those persons who do or will actually admit to the infringing activity will wish to remain anonymous rather than being named as Defendants and served with a federal lawsuit; and thus the interests of many of the potential Defendants would in fact be better served by the requested enlargement of time for Plaintiff to effect service.

In sum, Liberty has diligently set to the task of identifying the anonymous Internet users who are infringing its copyright.  Liberty promptly moved to subpoena the required information from the ISPs in order to prosecute its case, has worked with the ISPs to secure their compliance in a reasonable manner, and has made efforts to confirm the identities of the proper Defendants in this case prior to service.  However, due to the various delays discussed above, Liberty

respectfully requests an additional 90-day time period to continue and conclude these investigations and communications prior to effecting service on these presently unnamed John Doe Defendants.

For the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff Liberty Media Holdings d/b/a Corbin Fisher respectfully requests that its time to serve the Complaint be extended through and including December 7, 2011.

Respectfully submitted,

__/s/ Scott R. Nazzarine_____
SCOTT R NAZZARINE (Ohio No. 0079819)
3621 Morris Place
Cincinnati, Ohio 45226
Telephone: (513) 543-2312
kayanazz@hotmail.com

Counsel for Plaintiff
Liberty Media Holdings d/b/a Corbin Fisher

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing document was filed electronically using the Court's Case Management/Electronic Case Filing (CM/ECF) system on this 8th Day of September, 2011.  Luther J. Mills, Esq, as counsel for Defendant John Doe #15, is the only attorney or party who has made an appearance in this action, or is known by Plaintiff at this time, and Mr. Mills will be served by the Court's CM/ECF system.  As the identities of the remaining Defendants are unknown, Plaintiff is unable to serve any other Defendant at this time.

Respectfully submitted,

___/s/ Scott R. Nazzarine_____
SCOTT R NAZZARINE (Ohio Bar No. 0079819)

Counsel for Plaintiff
Liberty Media Holdings d/b/a Corbin Fisher

7